# EXHIBIT 4

**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

**Masdar Solar & Wind Cooperatief U.A.**

v.

**Kingdom of Spain**

**(ICSID Case No. ARB/14/1)**

**DECISION ON THE RESPONDENT'S APPLICATION
TO STAY ENFORCEMENT OF THE AWARD**

*Members of the Tribunal*
Mr. John Beechey CBE, President of the Tribunal
Mr. Gary Born, Arbitrator
Professor Brigitte Stern, Arbitrator

*Secretary of the Tribunal*
Ms. Luisa Fernanda Torres

24 August 2018

*Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*
(ICSID Case No. ARB/14/1)

**I.   INTRODUCTION**

1. On 29 June 2018, the Kingdom of Spain filed with ICSID a Request for a Supplementary Decision in respect of the Award rendered by the Tribunal on 16 May 2018 (the "**Award**"), together with Annexes I to III (the "**Request**"). The Request was registered by the ICSID Secretary-General on 5 July 2018. It was transmitted to the Members of the Tribunal that same day, in accordance with Rule 49(2)(d) of the ICSID Arbitration Rules.

2. The Request included an application by the Kingdom of Spain to stay enforcement of the Award (the "**Application**").

3. Pursuant to Rule 49(3) of the ICSID Arbitration Rules, the Tribunal conveyed the following message to the Parties on 19 July 2018:

   > "The Tribunal invites the Claimant to reply to [the] Kingdom of Spain's application to stay enforcement of the Award '*until a decision pursuant to Article 49 of the ICSID Convention is rendered*' by **Friday, 27 July 2018**. The Claimant's submission in reply to the supplementation issues is to be served by Friday, **14 September 2018**.
   >
   > In addition, the Parties are invited to confer and to seek to agree whether they envisage the filing of any further submissions after those identified above, and whether they anticipate a procedure other than that the Tribunal shall determine the issues on the documents. The Parties are asked to inform the Tribunal by **Friday, 27 July 2018**. The Tribunal is not persuaded that a further oral hearing is necessary.
   >
   > The Tribunal considers, too, that it should be made clear to the Parties now that there was no Dissenting Opinion and hence there is none to be produced. The Award is complete as it stands and is a decision of the Tribunal. It is clear on the face of the Award to what extent it is unanimous and to what extent it is a decision of the Tribunal by a majority."

4. On 26 July 2018, Claimant submitted its Reply (the "**Reply**") to the Application.

**II.   THE APPLICATION**

5. In support of the Application, the Kingdom of Spain makes three principal submissions.

6. First, it argues that by operation of Articles 44 to 47 of the ICSID Convention,[1] the Tribunal has the power to stay the enforcement of the Award "*until its decision to supplement the Award is rendered*".[2]

---

[1] Request, paras. 69-70.
[2] *Ibidem,* para. 71.

1

7. Second, the Kingdom of Spain argues that the Application "*is based on the occurrence of an extraordinary circumstance*"[3]: *i.e.*, the fact that the Respondent is "*compelled to notify the Masdar Award to the EU Commission*",[4] pursuant to the Decision of the European Commission S.A. 40348(2015/NN – Spain) dated 11 November 2017.

8. Third, the Kingdom of Spain emphasises that, under Article 49(2) of the ICSID Convention, the "*periods of time provided for under paragraph (2) of Article 51 and paragraph (2) of Article 52 of the ICSID Convention run from the date on which the requested decision is rendered* […]".[5]

9. The Kingdom of Spain, therefore, requests that the Tribunal "*decides the stay of the enforcement of the Award until a decision pursuant to Article 49 of the ICSID Convention is rendered*".[6]

### III. CLAIMANT'S REPLY

10. In its Reply, Claimant submits that the Application should be dismissed. It advances four arguments in support of that submission.

11. First, Claimant argues that Articles 44 to 47 of the ICSID Convention "*do not support Spain's request*" on the basis that: (i) Article 44 of the ICSID Convention "*does not support a request for stay in connection with a request for supplementation*"; and (ii) a request for a stay of enforcement falls outside the scope of Article 46 of the ICSID Convention.[7]

12. Second, Claimant alleges that a stay of enforcement is not possible in connection with a request for supplementation as the ICSID Convention does not contemplate this possibility in connection with supplementary decisions under Article 49(2) of the ICSID Convention.[8]

13. Third, Claimant contends that were the Tribunal to consider that it had the power to order a stay of enforcement, the Respondent "*has failed to articulate why a breach of EU law should trump the finality of an ICSID award*".[9] In addition, Claimant contends that the Kingdom of Spain's obligation to comply with the Award remains intact as "*there is no incompatibility between EU law*" and the said obligation.[10]

14. Fourth, and finally, Claimant argues that: "*If the Tribunal rejects Spain's Request, the time periods under Articles 51(2) and 52(2) are computed from the date on which the Award was rendered*".[11]

---

[3] *Ibidem*, para. 72.
[4] *Ibidem*, para. 73.
[5] *Ibidem*, para. 82.
[6] *Ibidem*.
[7] Reply, para. 1.
[8] *Ibidem*, para. 2.
[9] *Ibidem*, para. 3.
[10] *Ibidem*.
[11] *Ibidem*, para. 4.

## IV. ANALYSIS

15. As a preliminary matter, the Tribunal draws attention to the decisions of the *Ad Hoc* Committees in *Vivendi* and *Wena Hotels* (see below) as to the nature and purpose of the supplementation procedure provided for by Article 49(2) of the ICSID Convention.

    In *Compañía de Aguas del Aconquija S.A. and Vivendi Universal S.A. v. Argentine Republic*,[12] the *Ad Hoc* Committee made clear that:

    > *"It is important to state that that procedure, and any supplementary decision or rectification as may result, in no way consists of a means of appealing or otherwise revising the merits of the decision subject to supplementation or rectification. Those sorts of proceedings are simply not provided for in the ICSID system."*

    In *Wena Hotels Limited v. Arab Republic of Egypt*,[13] the *Ad Hoc* Committee concluded that:

    > *"A proceeding under Article 49(2) would not allow the Tribunal to go further than to decide upon the question it had omitted to deal with."*

16. The Tribunal has considered with care the three principal grounds advanced by the Kingdom of Spain in support of its Application.

17. As to the first of those grounds, the Tribunal is not persuaded that it has the power to order a stay of enforcement in connection with a request for supplementary decision made pursuant to Article 49(2) of the ICSID Convention, as in the case at hand. The Tribunal notes that its position is confirmed by many leading commentators:

    - *"Proceedings for supplementation and rectification do not lead to a stay of enforcement but they postpone the time limits for revision and annulment."*;[14]

    - *"A stay of enforcement is not possible in connection with a request for supplementation or rectification in accordance with Art. 49(2)."*;[15]

---

[12] Decision of the *Ad Hoc* Committee on the Request for Supplementation and Rectification of its Decision Concerning Annulment of the Award, 28 May 2003, ICSID Case No. ARB/97/3, para. 11.

[13] Decision on the Application by the Arab Republic of Egypt for Annulment of the Arbitral Award dated December 8, 2000, 5 February 2002, ICSID Case No. ARB/98/4, para 101. "*The remedy offered by Art. 49(2) will be useful only in cases of inadvertent omissions of a technical character. ... Art. 49(2) will not be useful in cases of a failure to address major facts and arguments which go to the core of the tribunal's decision.*" (SCHREUER, MALINTOPPI, REINISCH & SINCLAIR, *The ICSID Convention: A Commentary*, 2009, p. 1014). "*... supplementation and correction deal with minor technical and clerical mistakes in the award ... This remedy is designed for inadvertent omissions and minor technical errors. It is not designed for a substantive review of the decision. Rather, it enables the tribunal to correct mistakes that may have occurred in the award's drafting in a simple way ... the time limits for a request for revision or annulment do not start to run until a decision on a request for rectification or annulment has been rendered*" (DONG, United Nations Conference on Trade and Development, Course on Dispute Settlement, International Centre for Settlement of Investment Disputes, 2.8 Post-Award Remedies and Procedures, pp. 1-7-8, available at http://unctad.org/en/Docs/edmmisc232_en.pdf).

[14] SCHREUER, MALINTOPPI, REINISCH & SINCLAIR, *cit.*, p. 1113.

[15] SCHREUER, MALINTOPPI, REINISCH & SINCLAIR, *cit.*, p. 1111.

- "*There is also no scope under Rule 54 of the Arbitration Rules for the parties to request a stay of enforcement pending a supplementary decision or a decision on rectification*".[16]

18. In support of its proposition that the Tribunal is entitled to stay the enforcement of the Award pursuant to Articles 44 and 46 of the ICSID Convention,[17] the Kingdom of Spain places particular reliance upon the second sentence of Article 44, which reads as follows:[18]

    "*If any question of procedure arises <u>which is not covered by</u> this Section or <u>the Arbitration Rules</u> or any rules agreed by the parties, the Tribunal shall decide the question.*" (emphasis added)

19. This provision empowers an arbitral tribunal to make decisions on procedure:

    "<u>*where the rules do not cover the procedural issue at hand*</u> *and the established methods of interpretation for treaties and other legal documents fail to yield an answer to the question of procedure under consideration. If the tribunal then finds that the rules genuinely do not cover the situation, it may not, however, go beyond the framework of the Convention, the Arbitration Rules and the parties' procedural agreements.*"[19] (emphasis added)

20. The issue of a stay of enforcement of an award is expressly *covered* by ICSID Arbitration Rule 54(1). It contemplates the possibility of the grant of a stay of enforcement <u>only</u> when a party applies "*for the interpretation, revision or annulment of an award*".[20] Pursuant to this Rule, an ICSID tribunal has the power to order the stay of enforcement of an award <u>only</u> in connection with an application for these post-award remedies. Thus, Article 44 of the ICSID Convention cannot be invoked in this case: the issue of the stay of enforcement of the award is addressed by ICSID Arbitration Rule 54, which does not give the Tribunal the power to order a stay of enforcement in connection with an application to supplement an award pursuant to Article 49(2) of the ICSID Convention.

21. So far as Article 46 of the ICSID Convention is concerned, the Kingdom of Spain merely cites the Article without giving any reason to support its argument. Article 46 of the ICSID Convention states that:

    "*Except as the parties otherwise agree, the Tribunal shall, if requested by a party, determine <u>any incidental or additional claims or counterclaims</u> arising directly out of the subject-matter of the dispute provided that they are within the scope of the consent*

---

[16] PETROCHILOS, NOURY and KALDERIMIS, *Concise International Arbitration*, edited by MISTELIS, 2010, p. 126. See also Reply, fn. 5.
[17] Request, paras. 69 and 70.
[18] Request, para. 69.
[19] PETROCHILOS, NOURY and KALDERIMIS, *cit.*, p. 112.
[20] ICSID Arbitration Rule 54(1): "*The party applying for the interpretation, revision or annulment of an award may in its application, and either party may at any time before the final disposition of the application, request a stay in the enforcement of part or all of the award to which the application relates. The Tribunal or Committee shall give priority to the consideration of such a request.*"

4

*of the parties and are otherwise within the jurisdiction of the Centre.*"[21] (emphasis added)

22. The Request does not contain "*any incidental or additional claims or counterclaims*"; it is merely a request for supplementation of the Award pursuant to Article 49(2) of the ICSID Convention. Thus, Article 46 of the ICSID Convention is inapplicable in the present case.

23. Under Article 53 of the ICSID Convention, an ICSID Convention award is binding, and its terms must be complied with by the parties to the dispute.[22] The post-award remedies which allow an ICSID Tribunal to order a stay of enforcement are regulated by Articles 50 to 52 of the ICSID Convention and ICSID Rules 50 to 55; a stay of enforcement is not contemplated for supplementation and rectification of an award (Art. 49(2) of the ICSID Convention).

24. In light of the above, the Tribunal concludes that it has no power to order the stay of enforcement in connection with an application to supplement an award pursuant to Article 49(2) of the ICSID Convention.

25. In view of the conclusion reached by the Tribunal on the first ground, it is not necessary to consider the second ground advanced by the Respondent.

26. As to the third ground, the Tribunal notes that the last sentence of Article 49(2) of the ICSID Convention reads as follow: "*The periods of time provided for under paragraph (2) of Article 51 and paragraph (2) of Article 52 shall run from the date on which **the decision** was rendered.*" (emphasis added).

27. The Tribunal notes the clarification on ICSID's website to the effect that: "*The decision on the request for supplementary decision becomes part of the award. If a party subsequently wishes to resort to other remedies under the Convention, **the time limits for such remedies are measured from the date on which the decision was issued***".[23]  (emphasis added).

---

[21] See ICSID Arbitration Rule 40: "*(1) Except as the parties otherwise agree, a party may present an incidental or additional claim or counter-claim arising directly out of the subject-matter of the dispute, provided that such ancillary claim is within the scope of the consent of the parties and is otherwise within the jurisdiction of the Centre.*
*(2) An incidental or additional claim shall be presented not later than in the reply and a counter-claim no later than in the counter- memorial, unless the Tribunal, upon justification by the party presenting the ancillary claim and upon considering any objection of the other party, authorizes the presentation of the claim at a later stage in the proceeding.*"
[22] *Philip Morris Brands Sàrl, Philip Morris Products S.A. and Abal Hermanos S.A. v. Oriental Republic of Uruguay*, Decision on Rectification, 26 September 2016, ICSID Case No. ARB/10/7, para. 19: "*… any revisions of the Award, such as the mechanism provided by Article 49(2), should be construed in light of the principle of the finality of the award*"; *Victor Pey Casado and Foundation «Presidente Allende» v. Republic of Chile*, Decision on the Republic of Chile's Request for a Stay of Enforcement of the Unannulled Portion of the Award, 16 May 2013, ICSID Case No. ARB/98/2, para 41: "*… supplementary decisions and rectifications are not meant to afford a substantive review or reconsideration of the decision. Supplementary decisions will most likely have a limited effect on the original decision. This provides an additional reason to preserve the binding force of the unannulled portion of the Award.*"
[23] https://icsid.worldbank.org/en/Pages/process/Post-Award-Remedies-Convention-Arbitration.aspx

28. The Tribunal respectfully adopts the reasoning of the *Ad Hoc* Committee in *Continental Casualty Company v. The Argentine Republic*[24]

> *23. The Committee considers that this issue is one of interpretation of Article 49(2) of the ICSID Convention. In interpreting that provision, the Committee applies the principles in Articles 31 and 32 of the Vienna Convention on the Law of Treaties (the "Vienna Convention"). These provisions reflect the customary international law rules of treaty interpretation as they already existed at the time that the text of the ICSID Convention was adopted. […]*
>
> *25. For purposes of Article 31(1) of the Vienna Convention, the Committee considers that the plain meaning of Article 49(2) of the ICSID Convention is abundantly clear: where a rectification decision is given under Article 49(2) of the ICSID Convention, the period of time provided for under Article 52(2) of the ICSID Convention runs from the date of the rectification decision, rather than from the date of the original award.*
>
> *26. The Committee considers that there is nothing in the context or objects and purposes of the ICSID Convention that would require this provision to be understood as having a completely different meaning to what it plainly says. […]*
>
> *27. […] The Committee does not consider that it would in any way be inconsistent with the object and purpose of the ICSID Convention to interpret this provision in accordance with its plain meaning.*
>
> *28 […] The Committee considers that the wording of Article 49(2) of the ICSID Convention is clear and that it is entirely reasonable for the ICSID Convention to maintain a single time limit for all annulment applications in cases where there is a rectification decision, regardless of whether or not the rectification decision affects the part of the award that is sought to be annulled.*

**V.    DECISION**

29. For the foregoing reasons, the Tribunal rejects the Respondent's Application.

30. The Tribunal will decide on the costs of the Application in its decision on the Request.

For and on behalf of the Tribunal,

*[signature]*

John Beechey
President of the Tribunal
Date: 24 August 2018

---

[24] Decision on the Claimant's Preliminary Objection to Argentina's Application for Annulment, 23 October 2009, ICSID Case No. ARB/03/9 - Annulment Proceeding.