UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASDAR SOLAR & WIND COOPERATIEF U.A., <br><br> Petitioner, <br><br> v. <br><br> KINGDOM OF SPAIN, <br><br> Respondent. | Civil Action No. 18-2254 (JEB) |

## ORDER

On September 18, 2019, this Court issued a Memorandum Opinion and separate Order, see ECF Nos. 28 (Mem. Op.) & 29 (Order), granting Respondent Kingdom of Spain's Motion to Stay pending the resolution of its annulment application before the International Centre for the Settlement of Investment Disputes. Petitioner Masdar Solar & Wind Cooperatief U.A., which prevailed in the underlying international-arbitration proceedings, opposed that stay a year ago and now moves to have it lifted. Its principal ground for asking the Court to reverse field is that the ICSID in May 2020 denied Spain's application for a stay of enforcement of the award. Although the Court believes the question remains close, it will retain its stay.

To begin, although the Court discussed the ICSID stay in its Memorandum Opinion, see Mem. Op. at 9, that was not the central pillar of its holding. None of the other factors on which it relied is implicated by the ICSID's recent stay denial. In addition, according to Petitioner, the ICSID will hold its hearing on the merits of Spain's annulment request next month. See ECF No. 43 (Pet. Reply) at 2. Although a decision could well be a number of months off, id., this

Court, too, would have to await further merits briefing and render its own decision, which could also take a few months.

Most important, however, is the fact that there are multiple suits all sitting in our district that deal with the same issues – namely, Spain's conduct *vis-a-vis* foreign companies related to promises and incentives in its renewable-energy sector and what ramifications a European Court of Justice decision has on ICSID's jurisdiction.  See Mem. Op. at 2-3; Novenergia II – Energy & Env't (SCA) v. Kingdom of Spain, No. 18-1148; Infrastructure Services Luxembourg S.A.R.L. v. Kingdom of Spain, No. 18-1753; Foresight Luxembourg Solar 1 S.A.R.L. v. Kingdom of Spain, No. 20-925; NextEra Energy Global Holdings B.V. v. Kingdom of Spain, No. 19-1618; 9REN Holding S.A.R.L. v. Kingdom of Spain, No. 19-1871; RREEF Infrastructure (G.P.) Limited v. Kingdom of Spain, No. 19-3783.  To have different judges rule piecemeal on these similar challenges seems a mistake, particularly given that an ICSID ruling could illuminate (or moot) all the cases.  The Court is certainly cognizant that further delay may "impede[] the goals of arbitration – the expeditious resolution of disputes and the avoidance of protracted and expensive litigation." Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 317 (2d Cir. 1998).  It nonetheless continues to believe that a stay is the proper course here.

It consequently ORDERS that Petitioner's Motion to Lift Stay is DENIED.

IT IS SO ORDERED.

.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: September 8, 2020